IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   MARINDA INGRAM CALLOWAY, | ) ) ) | |
| Plaintiffs, | ) | CIV-14- 664-D |
| v. | ) ) | |
| 1.   CITY OF ALTUS, and<br>2.   DAN SCOTT, in his individual and official capacity as Electric Superintendent, | ) ) ) ) ) ) | |
| Defendants. | ) ) | ATTORNEYS LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## COMPLAINT

**COME NOW** the Plaintiff, and for her Complaint against the above-named Defendants, herein allege and state as follows:

## PARTIES

1. The Plaintiff is Marinda Ingram Calloway, an adult female residing in Jackson County, Oklahoma.

2. The Defendants are:

   a) The City of Altus (hereinafter referred to as "City"), a governmental entity doing business in Jackson County, Oklahoma; and

   b) Defendant Dan Scott (hereinafter referred to as "Scott"), in his official and individual capacity as the Electric Superintendent.

## JURISDICTION AND VENUE

1

3. This is a cause of action arising out of Plaintiff's former employment with Defendant City. Plaintiff asserts claims based on gender discrimination, sexual harassment, the creation of a sexually hostile work environment, quid pro quo sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended; violation of Plaintiffs' right to free speech under the First Amendment made actionable by 42 U.S.C. § 1983 for her opposition to discrimination and harassment in the workplace; violation of Plaintiff's right to Equal Protection made actionable by 42 U.S.C. § 1983; and negligent training, supervision and retention. Plaintiffs' constitutional injuries were caused by state actors.

4. Jurisdiction over the federal claims is vested in this Court under 28 U.S.C. §1331.

5. All of the claims arose in and around Jackson County and Comanche County, and the Defendants are/were at all relevant times hereto located and/or doing business in such county and may be served in that county. Jackson County and Comanche County are located within the Western District of the United States District Court of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

6. To the extent required, Plaintiff timely filed a Charge of Discrimination with the EEOC. Such Charge is currently pending.

## STATEMENT OF FACTS

7. Plaintiff Marinda Ingram Calloway (formerly Ingram), began her employment

with the City as a part-time receptionist at City Hall in or around May 2007. Thereafter, Plaintiff was hired full-time as the City Hall Receptionist. In or around May 2009, Plaintiff was hired as the Electric Department Secretary by Defendant Dan Scott. In or around July 2011, Plaintiff was promoted to Construction Coordinator.

8. From the outset of her employment in the Electric Department, Plaintiff was subjected to sexual harassment, quid pro quo sexual harassment, and a sexually hostile work environment by Defendant Scott. While he was her supervisor, Scott frequently took Plaintiff off the work site and used his position of power over Plaintiff to coerce her into having sex with him. In fact, Scott ensured Plaintiff spent her entire day with him visiting City work sites and running miscellaneous errands. On several occasions, Scott took Plaintiff to motels during the work day to have sex.

9. Plaintiff did not wish to engage in a sexual relationship with Scott. In fact, on numerous occasions, Plaintiff told Scott that she no longer wanted to sleep with him. However, Scott persisted and took actions to compel Plaintiff to engage in a sexual relationship with him. For instance, Scott hired a family member of Plaintiff's and insinuated that she was indebted to him for the hiring. Scott would not permit Plaintiff to be left alone in the Electric Department office or visit work sites with other employees, as was required by her Construction Coordinator position. Rather, Scott required Plaintiff to accompany him on "errands" so he could take Plaintiff to motels to have sex.

10. In or around January 2012, Plaintiff told Scott again that she would not sleep

with him.  Plaintiff attempted to avoid Scott by only speaking to him about work-related matters. Thereafter, Scott retaliated against Plaintiff for her refusal to sleep with him by harassing and intimidating her.  For instance, Scott began yelling at Plaintiff at work and banging on the walls of her office.  Scott would later apologize for his behavior, stating that he and his wife were not having sex and he was just in a bad mood because it had been such long time since he had sex.

11. Scott further retaliated against Plaintiff by asking Plaintiff's co-workers and family members what was wrong with Plaintiff and implying that she was using drugs (which she was not.) Scott also disseminated private medical information regarding Plaintiff (which he discovered by going through her personal belongings) to Plaintiff's co-workers.

12. After years of this harassing and abhorrent conduct, Plaintiff told Scott in or around February 2012 that she was going to report his conduct to the City.  However, before Plaintiff had an opportunity to report Scott's conduct, Scott reported to City officials that he and Plaintiff had engaged in a consensual relationship four (4) years prior, when Plaintiff was not employed in Scott's department, and that the relationship had not continued after Plaintiff began working under Scott.  This was not true.

13. Scott was placed on paid administrative leave on or about February 23, 2012. The City initiated an internal investigation into the allegation that Scott engaged in an inappropriate relationship with Plaintiff.  Thereafter, Scott offered to hire a lawyer for Plaintiff in exchange for her saying that City Administrator Elizabeth Gray, who was

involved in the investigation of Scott, was promoting slander. Plaintiff declined.

14. On or about March 22, 2012, Plaintiff gave a sworn statement to the City's attorney conducting the investigation of Scott. Plaintiff told the attorney that Scott had coerced Plaintiff into engaging in a sexual relationship to keep her job.

15. Thereafter, Scott continued to stalk and harass Plaintiff and her friends and family. For instance, Scott drove by Plaintiff's house and told her family that he was worried about Plaintiff, again insinuating that Plaintiff was using illegal drugs. Thus, Plaintiff filed a police report with the City of Altus Police Department detailing Scott's conduct. Plaintiff included within the report the details of Scott forcing her into a sexual relationship and his harassment of her friends and family.

16. In or around June 2012, Plaintiff discovered that Scott's employment was to be reinstated with the City. Due to his continued unwelcome and harassing behavior, Plaintiff was forced to resign from her employment with Defendant City. Her last day working for the City was on or about July 5, 2012.

17. As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described hereafter.

## **COUNT I - TITLE VII**

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

18. This Count goes against Defendant City only.

19.     The matters alleged above constitute violations of Title VII of the Civil Rights Act in the nature of gender discrimination, the creation of a sexually hostile work environment, sexual harassment, quid pro quo sexual harassment and retaliation.

20.     As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

21.     Because the actions of Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 to the extent recoverable.

### COUNT II - 42 U.S.C. § 1983 (Equal Protection)

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

22.     This Count goes to all Defendants.

23.     The Defendants were acting under the color of their authority in a manner which deprived Plaintiff of her constitutional right to equal protection. The individual Defendant has final policy-making authority. And, the actions taken against Plaintiff were the result of a policy or custom which inflicted injury upon Plaintiff. Such actions are in violation of Plaintiff's Fourteenth Amendment rights which were clearly established at the time of the actions in question. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

24.     The actions listed above have caused a physical, mental and emotional injury

to the Plaintiffs in an amount to be determined by the jury.

25. To the extent that the actions of any individual Defendant are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.

### COUNT III - First Amendment Violation

For her third cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

26. This count goes against all Defendants.

27. The individual Defendant was acting under the color of their authority in a manner which deprived Plaintiff of her constitutional right to the freedom of speech.

28. The matters alleged above were in violation of Plaintiff's First Amendment right to the freedom of speech which was clearly established at the time of the actions in question. The actions of the Defendants were in deliberate indifference to the constitutional rights of Plaintiff. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

29. The matters alleged above represent violations of Plaintiff's rights under the First Amendment which have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

30. Because the actions of the individual Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of the Plaintiffs and against the Defendants and assess actual, compensatory, punitive damages, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 24th DAY OF JUNE, 2014.**

>s/Jana B. Leonard
>JANA B. LEONARD, OBA # 17844
>LAUREN W. JOHNSTON, OBA # 22341
>LEONARD & ASSOCIATES, P.L.L.C.
>8265 S. WALKER
>OKLAHOMA CITY, OK 73139
>(405) 239-3800      (telephone)
>(405) 239-3801      (facsimile)
>leonardjb@leonardlaw.net
>johnstonlw@leonardlaw.net
>
>JURY TRIAL DEMANDED
>ATTORNEY LIEN CLAIMED